## BULEN v RICE

Ohio Appeals, 2nd Dist, Franklin Co

No. 1913. Decided April 22, 1931

Pretzman, Dillon & Craig, Columbus, for plaintiff in error.

Alexander H. Martin, Cleveland, for defendants in error.

BY THE COURT

We shall not attempt to discuss these authorities in detail. It will not be necessary to do so as counsel are thoroughly familiar with the same. The record presents an interesting case. While the plaintiff in error in his petition, among other things, did ask for equitable relief yet the issues raised by the pleadings present purely a legal question. The first paragraph of the petition is as follows,

"Plaintiff says that he has a legal estate in and is entitled to the possession of the following described property;"

The property in dispute is then described by metes and bounds.

The prayer of the petition asks for a judgment for the delivery of the possession of the said premises and damages in the sum of $100.00 per month from August, 1923. Plaintiff in error seeks to recover the possession of the property in dispute by reason of the violation of one of the provisions contained in the original deed and which was contained in the chain of title in all of the deeds from that of the grantor down to the deed to Hattie Schwartz who conveyed to the defendants in error, Daisy Hall Rice and Harvey A. Rice, without such provision being contained therein.

Plaintiff in error claims that the defendants forfeited their right, title and interest in said property by reason of the breach of the provision in the deed above quoted.

It will require no citation of authorities to support the proposition that forfeitures are not favored; that the provisions of a deed will be strictly construed against the grantor for the purpose of avoiding a forfeiture.

It is admitted that the defendants, Daisy Hall Rice, and her husband have an admixture of African blood flowing through their veins. It is conceded that they bought this property through Hattie Schwartz and paid the purchase price therefor. Plaintiff in error does not tender such purchase price nor offer to do so but claims to be owner and entitled to the possession of the premises in question solely by virtue of a violation of the provisions in the deed, from himself to the original grantee of said tract of land.

The provision as above stated is as follows:

"Said grantee and her heirs and assigns shall not sell or rent said premises to, or permit the same to be used by any person with an admixture of African blood in their veins except such persons may reside in said houses as servants or employees."

There is no limit as to the time within which such provision shall apply. The provision extends through all time.

The land adjoining this particular tract on its four sides might be owned and occupied by persons having African blood in their veins yet to the end of time this provision in the deed seeks to prevent any one with such admixture of African blood from either owning or using said premises except as a servant or employee. Counsel for defendants in his brief has assigned many reasons why this provision should not be upheld. Several of these reasons we think are well taken.

We had occasion several days ago, namely on April 11, 1931, to hand down a decision in the case of James Williams et al, plaintiffs in error, v The Commercial Land Company, defendants in error, No. 1988 in the Court of Appeals of Franklin County, Ohio. wherein questions similar to those in the case at bar were involved.

We think the reasoning found in our decision in the above mentioned case together with the authorities therein cited are decisive of the issues raised in the case at bar. In view of our having stated such reasons in more or less detail in the above mentioned case we do not deem it necessary to repeat the same herein but are of opinion that the judgment of the lower court should be sustained for the reasons stated in the above mentioned decision.

Judgment affirmed.